IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 04-CR-517-RE |
| v. | OPINION AND ORDER |
| DEVON DUCHAUNT JONES, | |
| Defendant. | |

REDDEN, Judge:

On January 8, 2008, I sentenced defendant Jones to 139 months imprisonment based upon a conviction for Possession with Intent to Distribute Cocaine Base (crack cocaine). He now moves for modification of his sentence (# 81). For the reasons set out the below, the motion for modification is denied. Defendant's request for oral argument is denied.

Jones moves for reduction of sentence, pursuant to Title 18 U.S.C. § 3582(c)(2), based on an amendment to the Sentencing Guidelines, effective November 1, 2011, which lowered the base offense levels applicable to offenses involving cocaine base.

Title 18 U.S.C. section 3582(c)(2) provides in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that-
> ...
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission...the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The Sentencing Commission identified the amendments that may be applied retroactively, and outlined the procedure for implementing the amendment. Section 1B1.10 of the Sentencing Commission Guidelines provides in relevant part:

> (1) In General. - In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C.§ 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> (2) Exclusions. - A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if -
>
> (A) none of the amendments listed in subsection (c) is applicable to the defendant; or
>
> (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.
>
> (3) Limitation. - Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute

a full resentencing of the defendant.

Section 1B1.10 is binding on this court. *Dillon v. United States,* 130 S.Ct. 2683 (2010). "Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 2688.

The amendment at issue is Amendment 750, which altered the offense levels in Section 2D1.1, applicable to crack cocaine offenses, and which the Sentencing Commission retroactively added to Section 1B1.10(c), changing the threshold quantities of crack cocaine that trigger mandatory minimum sentences under 21 U.S.C. § 841(b).

Defendant's sentencing range has not changed because it was not based on Section 2D1.1. The record confirms that defendant was a career offender, based on prior convictions, and his base offense level was, and remains, 32 pursuant to Section 4B1.1. Career offenders are not entitled to relief under the retroactive amendment to the crack guideline. *United States v. Wesson,* 583 F.3d 728, 731 (9th Cir. 2009).

Defendant's Motion for Sentence Modification (# 81) is denied.

IT IS SO ORDERED.

Dated this __ day of June, 2012.

James A. Redden
United States District Judge

3 - OPINION AND ORDER